*GRAY AND GRAY *v.* TAPPAN AND WELLS.    [117

Chancery—superior equity—fraudulent conveyance—sale of possession on execution—volunteers—fraud—unconscientious claim.

The holder of the superior equity may, in the proper case, have the aid of chancery to compel the holder of the fee to convey to him.

Where a son embarrassed, voluntarily conveys land to his father, a member of his family, and continues to exercise acts of ownership over it and in possession, such conveyance is void as against creditors.

The subsequent will by the father to the *children* of the son, is another badge of fraud.

The sale of land on an execution against one in possession of it passes to the purchaser a right to the possession of the land, and the judgment debtor cannot gainsay the title so acquired.

Chancery will not interfere to compel a conveyance when the claim is fraudulent or unconscientious, or in favor of mere volunteers without merit.

IN CHANCERY. One Holmes, in 1797, purchased lot No. 16, in Steubenville, of Wells, the proprietor of the town, and took a certificate of purchase. He afterwards sold his interest in the lot to Thomas Gray, put him into possession, and gave him an order on Wells for a deed, which he never presented. Thomas Gray sunk a well on the lot, and continued in possession till 1809. In 1805, he made a *voluntary conveyance* to his father, William Gray, then living in his family. Thomas Gray, at the time of this conveyance, was in embarrassed circumstances, occasioned by having become security for others. Gray died in 1806, having devised the property conveyed to him by the son to *the children* of the son, who are the complainants. In 1809 the lot was sold by the sheriff, on an execution against T. Gray, to O. Jennings, who afterwards sold to Tappan, to whom Wells conveyed. This bill is brought to declare Tappan the trustee of the complainants, and to compel a conveyance to them.

*J.* and *D. L. Collier,* for the complainants, cited 1 *O.* 315; 3 *O.* 534, 457; 14 *John.* 798; 3*d Caines,* 189; 2 *Atk.* 602; *Kirby,* 62.

*Tappan* and *Goodenow,* contra, cited 18 *John.* 94.

LANE, J. This is a case of the holder of an equitable interest in a town lot, seeking the aid of this court to compel the holder of the fee to convey to him on the ground of his superior equity. T. Gray, embarrassed for the debts of others, conveyed the lot to his father, a member of his family, and insolvent, and continued himself in the use and possession as before, until the property was sold upon an execution against him. That sale passed the possession to the purchaser, and the judgment debtor cannot gainsay the title so acquired; 18. *John.* 94. The will of William Gray gave his property

in Pennsylvania to *Thomas Gray,* while it devised the property in Ohio to *T. Gray's children.* The transaction appears to us fraudulent and void; but if it were not, it is admitted to have been volun-118] \*tary. This court will not interfere where the right is founded in fraud, nor in favor of, or against *mere* volunteers, or where the claim is unconscientious. 1 *Mad. Ch.* 324, 5, 6; 1 *Vesey,* 9, 275; 1 *Atk.* 10; 3 *Atk.* 399; 18 *Vesey,* 149. The complainants show no merits to induce the court to interfere. They are not purchasers, nor have they parted with anything to obtain this title; 1 *O.* 326.

The bill is dismissed.

[Levy on land—judgment debtor cannot dispute buyer's title; *Scott v. Douglass,* 7 *O.* 1st pt. 227, 228.

Possession is a legal estate which passes by sale on execution; *Canby v. Porter,* 12 *O.* 79, 81.] .